```
          IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
THE ESTATE OF JOSEPH L.
BROCCOLINO, JR., et al.
                                *

                                *
     Plaintiffs,
v.                              *    CIVIL NO.: WDQ-05-00438

MCKESSON CORPORATION,           *
et al.

                                *
     Defendants.                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

In this diversity action, The Estate of Joseph L. Broccolino, Jr. and Adelinda Broccolino have sued McKesson Corporation, Inc., McKesson Medical-Surgical Minnesota Supply, Inc., (collectively, "McKesson")[1] and Tyco Healthcare Group, Inc. a/k/a The Kendall Company ("Kendall") for negligence, strict liability and breach of implied warranty of merchantability in violation of Maryland law. Pending are McKesson's motion for summary judgment, Kendall's motion to exclude Plaintiffs' expert testimony and to amend the scheduling order and Plaintiffs' motion to strike. For the following reasons, McKesson's motion for summary judgment and Kendall's motion to exclude Plaintiffs' expert

---

[1] McKesson Corporation is the parent company of McKesson Medical-Surgical Minnesota Supply. *Complaint* at ¶¶3-5.

1

testimony will be granted, and Kendall's motion to amend the scheduling order and Plaintiffs' motion to strike will be denied.

## I. BACKGROUND

Plaintiffs allege that Judge Broccolino suffered deep and painful burns and rashes while wearing Kendall Wings Choice Plus, a brand of incontinence briefs. Complaint at ¶11.[2]  Plaintiffs claim that the briefs were contaminated and unreasonably dangerous and that Kendall and McKesson defectively designed, manufactured and distributed the briefs. *See id.* at Cts. I-IX.  On February 14, 2005, the Plaintiffs filed this action.

## II. LEGAL DISCUSSION

A.   Motion for Summary Judgment

1. Standard of Review

Summary judgment is appropriate when there is no genuine issue of any material fact, and the moving party is entitled to judgment as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the

---

[2] Judge Broccolino died on January 28, 2003.  *See* Complaint at ¶1.

nonmoving party."  *Id.* at 248.  Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.

The court must view the facts and the reasonable inferences therefrom "in the light most favorable to the party opposing the motion," *Matsushita Electric Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a reasonable fact finder could rely. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  The mere existence of a "scintilla" of evidence is not sufficient to preclude summary judgment.  *Anderson*, 477 U.S. at 252.

2.   Discovery Request

Plaintiffs argue that summary judgment is premature because discovery is incomplete.  In opposing a motion for summary judgment, a party may not simply assert in its brief that discovery is necessary.  *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995).  Rule 56(f) requires a party to file an affidavit stating the need for discovery. FED. R. CIV. P. 56(f).  As Plaintiffs have not filed a Rule 56(f) affidavit, their discovery request will be denied. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994) ("the failure to file an affidavit under Rule 56(f)is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate").

3.   Sealed Container Defense

McKesson contends that it is entitled to summary judgment because it acted solely as the seller of the Kendall Wings Choice

3

Plus briefs and, in that capacity, it is entitled to invoke the sealed container defense.

It is a defense to an action against a seller of a product for property damage or personal injury allegedly caused by the defective design or manufacture of a product if the seller establishes that:

> (1) The product was acquired and then sold or leased by the seller in a sealed container[3] or in an unaltered form;
>
> (2) The seller had no knowledge of the defect;
>
> (3) The seller in the performance of the duties he performed or while the product was in his possession could not have discovered the defect while exercising reasonable care;
>
> (4) The seller did not manufacture, produce, design, or designate the specifications for the product which conduct was the proximate and substantial cause of the claimant's injury; and
>
> (5) The seller did not alter, modify, assemble, or mishandle the product while in the seller's possession in a manner which was the proximate and substantial cause of the claimant's injury.

MD CODE ANN., CTS. & JUD. PROC. § 5-405 (b).

The record clearly establishes that McKesson is entitled to the sealed container defense. David Persigehl, McKesson's Senior Product Manager, avers that McKesson: (a) sells, not manufactures, the Kendall Wings Choice briefs; (b) acquires the briefs from Kendall in a sealed container--briefs are packaged in

---

[3] A sealed container includes a box, container, package, wrapping, encasement or housing of any nature. *See* MD CODE ANN., CTS. & JUD. PROC. § 5-405(a)(4).

both a sealed clear bag and cardboard carton[4];(c) neither modifies, alters, nor mishandles the sealed container prior to sale; and (d) lacked knowledge of any manufacturing or design defects. *See* Mot. Summ. J. Exh. A (Persigehl Aff.).  As McKesson was merely a conduit between Kendall and Judge Broccolino, summary judgment is appropriate. *See Reed v. Sears, Roebuck & Co.*,934 F. Supp. 713, 718 (D. Md. 1996).

B.      Motion to Exclude Plaintiffs' Expert Testimony

Kendall seeks the exclusion of Plaintiffs' designated trial expert, John Budny, PhD.  Specifically, Kendall contends that Dr. Budny's expert report--contained in a one page letter--is insufficient under F.R.C.P. 26(a)(2)(B).

Federal Rule of Civil Procedure 26(a)(2)(B) requires that any testifying experts who have been "retained or specially employed" to provide expert testimony must produce a written report signed by the witness.  *See* Fed.R.Civ.P. 26 (a)(2)(B).  The report must include, among other things, detailed descriptions of the expert's opinions and the basis for those opinions. *See id.* Failure to comply with this requirement may result in the exclusion of the expert's testimony.  *See* Fed.R.Civ.P. 37(c)(1).

In his report, Dr. Budny opined that the Kendall Wings Choice briefs were contaminated by chemicals used during the

---

[4]Color photographs of the packaging are attached as Exhibit B to the Affidavit.

5

maintenance of the manufacturing and packaging equipment.  *See* Mot. Excl. Ex. B.  Dr. Budny, however, did not provide any basis for his conclusion.  The Court has previously found the Plaintiffs' proffered expert report insufficient.  *See* 2/23/06 Order.  Instead of resubmitting a proper report--as directed by the Court--the Plaintiffs have chosen to rely upon the improper report.  *See* Mot. Excl. Ex. D. ("Pls. 2/27/06 Letter to Court) (attaching the one-page letter as expert report in response to Court's order).  In an attempt to avoid exclusion, the Plaintiffs have now submitted a supplemental expert report.  *See* Opp. Ex. B.  This attempt, however, is unavailing.  The supplemental report is essentially identical to the original expert report.  *Compare* Opp. Ex. B ("Budny Declaration") to  Mot. Excl. Ex. B ("Budny Report").  The only difference between the two reports is that the latter describes Dr. Budny's educational and professional background.  Accordingly, Dr. Budny's testimony will be excluded.[5]

C.      Motion to Modify Scheduling Order

Kendall has moved for modification of the Court's February 28, 2005 Scheduling Order.  Under the Order, the deadlines for discovery, dispositive pretrial motions and Kendall's Rule 26(a)(2) disclosures have passed.  Kendall offers no reason for seeking modifications of the discovery and dispositive pretrial

---

[5]The Plaintiffs' motion to strike the motion to exclude will, therefore, be denied.

motions deadlines.  Kendall does, however, contend that it was unable timely to disclose its experts "because it was not properly apprised of Plaintiffs' theory of the case."  *See* Mot. Modify at 2.  Although this contention is accurate, the Court will not modify its Scheduling Order.  The Plaintiffs, not Kendall, must establish causation. As Dr. Budny's testimony--purportedly establishing causation--will be excluded, Kendall's expert disclosures are not required.

Having found no good cause for modifying the scheduling order, Kendall's motion will be denied. *See* FED.R.CIV.P. 16(b)(schedule shall not be modified except upon a showing of good cause).

## CONCLUSION

For the reasons discussed above, McKesson's motion for summary judgment and Kendall's motion to exclude Plaintiffs' expert testimony will be granted, and Kendall's motion to amend the scheduling order and Plaintiffs' motion to strike will be denied.

May 15, 2006                              /s/
Date                              William D. Quarles, Jr.
                                  United States District Judge